IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JOHNNY JOHNSON and**                                                              **PLAINTIFFS**
**BETH ANN JOHNSON**

**v.**                                           **CIVIL ACTION NO.: 3:23-cv-526-KHJ-MTP**

**TRAVELERS PERSONAL**
**INSURANCE COMPANY**                                           **DEFENDANT**

## ORDER

THIS MATTER is before the Court on the Defendant Travelers Personal Insurance Company's Motion to Strike Plaintiffs' Expert Designation [20]. Having considered the Motion to Strike [20], the parties' submissions, and the applicable law, the Court finds that the Motion [20] should be GRANTED.

## BACKGROUND

On August 11, 2023,[1] Plaintiffs Jimmy and Beth Ann Johnson filed this action against Defendant Travelers Personal Insurance Company asserting negligent misrepresentation, breach of contract, bad faith, and emotional distress and mental anguish claims arising from Defendant's denial of an insurance claim involving the flooring in Plaintiffs' home. Plaintiffs contend that the damage was caused by poor ventilation after they sealed their home's foundation—satisfying Defendant's demands to maintain their policy. [1-5] at 2-4. Defendant argues that the claim was denied because the damage stemmed from groundwater, which was not covered by the policy. *Id*. at 4; [21] at 2.

---

[1] Plaintiffs filed this lawsuit in the Circuit Court of Copiah County on July 12, 2023, and Defendant removed this action to this Court on August 11, 2023. *See* Notice of Removal [1].

1

On October 23, 2023, the Court entered a Case Management Order [12], which among other things, set a February 1, 2024, deadline for Plaintiffs' expert designation. On February 1, 2024, Plaintiffs designated as experts Dr. Preston McDonnell ("McDonnell"), Jimmy and Lance Parker ("the Parkers"), Stan Winborne ("Winborne"), and Scotty Cline ("Cline"). Plaintiffs did not provide any written reports signed by the designated experts.

On March 21, 2024, Defendant filed the instant Motion to Strike Plaintiffs' Expert Designation [20]. Defendant claims that Plaintiffs' designation of experts failed to comply with Federal Rule of Civil Procedure 26 and Local Uniform Civil Rule 26 and should therefore be stricken.

## ANALYSIS

Parties are required to disclose the identity of any person who will provide expert testimony at trial. Fed. R. Civ. P. 26(a)(2)(A). For a retained expert, "this disclosure must be accompanied by a written report—prepared and signed by the witness[.]" Fed. R. Civ. P. 26(a)(2)(B). Non-retained experts, however, do not have to provide such a report. For a non-retained expert, the disclosure need only provide the subject matter on which the witness is expected to present evidence and a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C); L.U. Civ. R. 26(a)(2)(D).

**I. Jimmy and Lance Parker, Stan Winborne, and Scotty Cline**

The Parkers are contractors designated to testify about the damages to Plaintiffs' house as a result "of the vents being covered," and to offer their opinion as to the causation of damages by Defendant. [20-1] at 2. Winborne is a pest control representative designated to testify about the "condition of the crawl space under the house after [Defendant] required the vents to be blocked[]" and will testify as to his "opinion on the causation of damages by Defendant." *Id*.

2

Cline is an insurance agent designated to testify about the insurance coverage that Plaintiffs had with Defendant and "will testify regarding the requirements to keep their insurance as well as about the claim handling of the Plaintiffs' claim." *Id*. at 3.

Plaintiffs failed to provide a written report prepared and signed by Winborne, Cline, and the Parkers. Defendant also claims that, in the absence of reports, "the designation is vague as to the subject matter of the anticipated testimony of each expert." [21] at 7.

Plaintiffs do not defend these deficiencies. Plaintiffs apparently abandon their expert designation as to Winborne, Cline, and the Parkers and state that these witnesses will testify only as fact witnesses and lay witnesses in accord with Fed. R. Evid. 701. *See* [27] at 1; 3.

Rule 701 provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> > (a) rationally based on the witness's perception;
> > (b) helpful to clearly understand the witness's testimony or to determining a fact in issue; and
> > (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. Notably, "Rule 701 does not govern *expert* testimony." *John C. Nelson Constr., LLC, v. Britt, Peters, and Assocs., Inc.*, 2020 WL 5578692, at *1 (S.D. Miss. Sept. 17, 2020) (emphasis added). Plaintiffs' position, argues Defendant in their Reply [28], justifies striking Winborne, Cline, and the Parkers as experts.

The Court agrees. Plaintiffs have not retained Winborne, Cline, or the Parkers as experts. However, assuming Plaintiffs maintain that Winborne, Cline, and the Parkers are non-retained experts, Plaintiffs' designation fails to provide a summary of the facts and opinions to which Winborne, Cline, and the Parkers are expected to testify. Accordingly, to the extent that Winborne, Cline, and the Parkers are designated as experts in this matter, they are hereby

3

stricken. *See Flood v. BBVA Compass, N.A.*, 2023 WL 368173, at *3 (E.D. Tex. Jan. 18, 2023) (striking expert designation where plaintiff agreed that the designated expert would only "offer lay opinions pursuant to FRE 701").

## II.  Preston McDonnell

Plaintiffs seek to designate McDonnell as a treating physician who "will testify from his medical records." [20-1] at 1; [27] at 3. The Fifth Circuit generally considers a treating physician to be a non-retained expert witness who need not provide a report. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 882 (5th Cir. 2004). Instead, the disclosure need only provide the subject matter on which the witness is expected to present evidence and a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C); L.U. Civ. R. 26(a)(2)(D). If a treating physician's expected testimony is not in the medical records from his or her treatment of the plaintiff, the plaintiff is required to produce an expert report in compliance with Federal Rule of Civil Procedure 26(a)(2)(B). *See Hammond v. Univ. of S. Miss.*, 2019 WL 13293005, at *1 (S.D. Miss. May 16, 2019).

On February 1, 2024, Plaintiffs designated McDonnell as an expert, stating:

> Dr. McDonnell is the treating physician for Beth Ann Johnson. Dr. McDonnell is a practicing physician at Copiah County Medical Associates. Dr. McDonnell is expected to testify and offer opinions as to his treatment of Plaintiff Beth Ann Johnson for depression, emotional distress, and anxiety and the causation of these injuries and damages therefrom. Dr. McDonnell will testify in connection with his skill, specialized education, training, and expertise. A copy of Dr. McDonnell's Curriculum Vitae will be supplemented. As discovery is ongoing, the Plaintiffs reserve the right to modify and/or supplement the foregoing as future information becomes available.

Plaintiffs now also state that McDonnell will "testify from his medical records." [27] at 3.

4

McDonnell's designation as a treating physician fails to comply with Fed. R. Civ. P. 26(a)(2)(C) and L.U. Civ. R. 26(a)(2)(D). The designation lacks facts and opinions and glosses over the subject matter of his testimony. Indeed, no supporting facts were provided in McDonnell's designation, and, to date, Plaintiffs have not supplemented McDonnell's designation.[2]

Additionally, while McDonnell may rely on the treating medical records to support his testimony in lieu of a written report,[3] Plaintiffs have not yet provided the medical records to Defendant, and Defendant "does not have a medical authorization to get any." [28] at 3. Plaintiffs state that they have had difficulty getting certified medical records regarding McDonnell's treatment of Plaintiff Beth Ann Johnson but that they will "supplement … in the very near future." [27] at 3.

Plaintiffs are required to produce the medical records from McDonnell to Defendant if they intend to designate McDonnell as a treating physician. *See Wheat v. Michaels Org., LLC*, 2022 WL 17072027, at *5 (S.D. Miss. Nov. 17, 2022). Without such records, Plaintiffs' designation is inadequate. Indeed, if Plaintiffs are relying on these records to support their claims, they are required to produce the records as part of initial disclosures. *See* Fed R. Civ. P. 26(a)(1)(ii) ("[A] party must, without awaiting a discovery request, provide to the other parties a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claim or defenses, unless the use would be solely for

---

[2] No service of a supplemental expert designation appeared of record as of the entry of this order.

[3] *See, e.g., Collett v. Weyerhaeuser Co.,* 512 F. Supp. 3d 665, 672 (E.D. La. 2021); *Robbins v. Ryan's Family Steak Houses E., Inc.*, 223 F.R.D. 448, 453 (S.D. Miss. 2004);

impeachment."); *see also* L.U. Civ. R. 26(a)(2)(D) ("The party must also supplement initial disclosures.")

Finding McDonnell's designation inadequate, the next question is whether McDonnell's designation should be stricken. Rule 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Moreover, Local Rule 26(a)(2)(B) provides that "[a]n attempt to designate an expert without providing full disclosure information as required by this rule will not be considered a timely expert designation and may be stricken[.]" L.U. Civ. R. 26(a)(2)(B).

To determine whether to exclude an expert that was not properly and timely designated, the Court considers four factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure that prejudice." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004). Plaintiffs did not address these factors, but the Court will do so based on the information provided.

Turning to the first factor, Plaintiffs timely identified McDonnell but offer no explanation for their failure to properly designate McDonnell as a treating physician other than to observe that they have not yet obtained or produced the medical records within the six-month discovery period that has already elapsed.[4] Plaintiffs disregard their failure to satisfy the requirements for a non-retained expert under Fed. R. Civ. P. 26(a)(2)(C) and L.U. Civ. R. 26(a)(2)(D). Plaintiffs

---

[4] The discovery period ends on May 1, 2024. *See* Case Management Order [12].

only state that McDonnell's "testimony is permissible lay opinion under Rule 701 about Plaintiff's medical treatment[.]" [27] at 3.  This factor weighs in favor of exclusion.

As for the second factor, McDonnell's testimony relates to Plaintiff Beth Ann Johnson's medical treatment for depression, emotional distress, and anxiety allegedly caused by Defendant's actions.  Such testimony may lend support to Plaintiffs' claims for emotional distress and mental anguish, and, therefore, may be important.  *See* Complaint [1-5] at 8.  Yet, Plaintiffs' failure to even suggest what the physician's opinions might be renders this factor a neutral one.

Turning to the third factor, the Court finds that Defendant will be prejudiced in allowing McDonnell to testify as an expert on the current record.  As noted, Plaintiffs have not provided a summary of facts and opinions to which McDonnell will testify, and Plaintiffs have not provided any medical records relating to McDonnell's treatment of Plaintiff Beth Ann Johnson.  Defendant has already designated its experts, and the deadline for discovery, May 1, 2024, is a week away.  There is insufficient time remaining for Defendant to challenge the expert's testimony or to designate a counter-expert.  This factor weighs in favor of excluding McDonnell's testimony.

Finally, under the fourth factor, the Court considers the availability of a continuance or an extension of time to cure any potential prejudice.  Neither party requests a continuance.  In their Amended Response [27], Plaintiffs suggest that they will provide McDonnell's records "in the very near future." [27] at 3.  Yet, over a month after the Motion to Strike [20] was filed and two weeks after this representation, no notice of supplementation appears of record.

Balancing these factors noted above, the Court finds that Plaintiffs' attempted designation of McDonnell as an expert should be stricken.

IT IS, THEREFORE, ORDERED that Defendant Travelers Personal Insurance Company's Motion to Strike Plaintiffs' Expert Designation [20] is GRANTED.

SO ORDERED, this the 23rd day of April, 2024.

s/Michael T. Parker
United States Magistrate Judge
