UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHNNY JOHNSON, et al.                                            PLAINTIFFS

V.                                    CIVIL ACTION NO. 3:23-CV-526-KHJ-MTP

TRAVELERS PERSONAL INSURANCE COMPANY                    DEFENDANT

ORDER

Before the Court is Defendant Travelers Personal Insurance Company's

("Travelers") [33] Motion for Summary Judgment. The Court grants the motion.

I.       Background

This case arises from an insurance dispute between Travelers and Plaintiffs

Johnny and Beth Ann Johnson (collectively, "the Johnsons").

In October 2020, the Johnsons bought a homeowners insurance policy from

Travelers. Compl. [1-5] ¶ 9. Less than two months later, Travelers sent a Notice of

Cancellation letter. *See* [35-1] at 3. The letter cited five violations, including that

the Johnsons' "[f]oundation [was] missing blocks and [was] open in multiple areas."

*Id.*; *see also* [1-5] ¶ 10. The Johnsons "corrected the violations listed," by "adding

blocks to fully seal the foundation." [1-5] ¶ 11. Travelers then "approved the changes

and reinstated" the policy. *Id.* ¶ 12.

In December 2021, the Johnsons "noticed a soft spot in their living room

floor," so they filed a claim under the policy. Pl.'s Mem. Opp'n. Mot. Summ. J. [36]

at 2; *see also* [1-5] ¶ 13; Def.'s Mem. Supp 'g Summ. J. [34] at 1. The Johnsons

believed the damage was because of Travelers' "required repairs to block up the foundation . . . which resulted in" excessive moisture from the "little to no ventilation in the crawl space under the home." [36] at 3; *see also* [1-5] ¶ 14. Travelers sent an adjuster to inspect the damage. [36] at 2. After inspection, the adjuster concluded that the damage "resulted from groundwater, wear and tear and deterioration, rot, and workmanship and maintenance issues which the . . . policy expressly excludes." [34] at 1. So Travelers denied the claim. [1-5] ¶ 22.

The Johnsons disagreed with the denial, so "Travelers reopened the file and retained engineer Lon Hill [("Hill")] . . . to inspect the property and determine the cause of damage." [34] at 5. Hill "concluded that the moisture in the floor had taken years to occur and that it had resulted from improper ventilation and lack of a vapor barrier in the crawl space." *Id.* (citing Hill Reports [33-6] at 6). Accepting Hill's findings, the Johnsons believed the excessive moisture from a lack of ventilation was "due to [their] compliance with . . . instructions from Travelers to fully seal up the foundation." *See* [1-5] ¶ 14. Travelers, however, believed it was due to the Johnsons' own negligence in improperly "enclos[ing] the crawlspace without proper ventilation and a vapor barrier." [34] at 2. Travelers "reaffirmed its decision denying [the] claim." *See id.* at 1.

On July 12, 2023, the Johnsons sued Travelers in state court for breach of contract, bad faith, negligent misrepresentation, and emotional distress and mental anguish resulting from the alleged breach of contract. [1-5] ¶¶ 30−51. Travelers timely removed the case, invoking this Court's diversity jurisdiction. *See* Notice of

Removal [1] at 1. The parties have since completed discovery, and Travelers now moves for summary judgment on all claims. *See* [33].

II.   Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it might affect the outcome of the suit under the governing law, while a dispute about that fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 824 (5th Cir. 2022) (cleaned up). "A movant is entitled to a judgment as a matter of law when the nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof." *Carnegie Techs., L.L.C. v. Triller, Inc.*, 39 F.4th 288, 293 (5th Cir. 2022) (cleaned up).

"If the burden at trial rests on the non-movant, the movant must merely demonstrate an absence of evidentiary support in the record for the non-movant's case." *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010) (cleaned up). "Once a party meets the initial burden of demonstrating that there exists no genuine issue of material fact for trial, the burden shifts to the non-movant to produce evidence of the existence of such an issue for trial." *Id.*

The Court "must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *EEOC v. WC&M Enters., Inc.*, 496 F.3d 393, 397 (5th Cir. 2007). But the non-movant must present more than

"speculation, improbable inferences, or unsubstantiated assertions." *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (cleaned up). The non-movant's failure "to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006).

Because the Johnsons bear the burden of proof at trial, they also bear the burden of "demonstrating that summary judgment is not warranted." *Lim v. Ethicon, Inc.*, 519 F. Supp. 3d 380, 384 (S.D. Miss. 2021) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). The Court sits in diversity, so it applies the substantive law of the forum state—Mississippi. *Cap. City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011).

III.    Analysis

Travelers moves for summary judgment, arguing the Johnsons cannot create a genuine issue of material fact as to their breach of contract, bad faith, or negligent misrepresentation claims. Among other things, Travelers relies on the text of the policy that provides exclusions for:

- "[w]ear and tear[,] . . . deterioration, . . . [s]mog, rot, rust[,] or other corrosion." Homeowner's Policy [1-1] at 13.
- "surface water, ground water, subsurface water, . . . or spray from any of these [things]." *Id.* at 23.
- "[w]ater or water borne material located below the surface of the ground including water or water borne material[,] . . . [w]hich exerts pressure on, seeps, leaks[,] or flows into . . . [a]ny part of the dwelling or . . . foundation of the dwelling." *Id.*
- "[f]aulty, inadequate[,] or defective . . . workmanship, repair, construction, renovation[, or] . . . [m]aintenance." *Id.* at 24–25.

- "constant or repeated seepage or leakage of water or steam, or the presence or condensation of humidity, moisture[,] or vapor, that occurs over a period of weeks, months[,] or years . . . [r]egardless of the source from which the water, steam[,] or condensation seeped or leaked." *Id.* at 24.

The policy explains that the "exclusions apply whether or not the loss event . . . [o]ccurs gradually or suddenly" and "whether or not the loss event arises from . . . [a]ny human action or inaction." *Id.* at 22−23.

The policy's plain language excluded the Johnsons' loss event, as concluded by Travelers' expert report from engineer Hill. [33-6] at 5−6. Hill conducted a forensic study of the Johnsons' home "to determine the cause of the damage to the floor structure." *Id.* at 2. He concluded that the "damage ha[d] taken years to occur," and "[t]he cause of the deterioration . . . [was] elevated moisture levels in the wood" due to "water vapor from [the] damp, poorly ventilated crawlspace." *Id.* at 4−6. Hill added that "[b]uilding codes as well as good construction practices have long since recognized the necessity for proper crawlspace ventilation." *Id.* at 5. Yet the Johnsons' renovated crawlspace lacked ventilation and a vapor barrier. *See id.*

In response to Travelers' motion, the Johnsons offer three letters from Travelers. The first letter is the 2020 Notice of Cancellation which provides:

> We are canceling your policy because we did not receive the requested underwriting information on a timely basis.
> Failure to provide the home business questionnaire. The dwelling right side steps are missing handrails. Foundation is missing blocks and is open in multiple areas. Tree overhanging or touching dwelling. Stained siding on rear and sides of dwelling.

[35-1] at 3. The second letter is the claim denial from April 25, 2022. *See id.* at 5−6. It states:

[A]fter researching this claim, Travelers . . . determined that your policy does not cover damage caused by ground water. The reasons for this determination are outlined below.

You presented a claim [for] flooring that is damaged from groundwater. We inspected the damages with you on 04/25/2022. Our research found insufficient drainage near the affected room. Since this is a wear and tear / maintenance issue, your policy does not provide coverage.

As a reference, I have provided [an excerpt from the Property Coverage Section] . . . , which explains that this type of loss is excluded.

TRAVELERS HOMEOWNERS INSURANCE POLIY<br>PROPERTY COVERAGE SECTION

PERILS INSURED AGAINST
PROPERTY COVERAGE A – DWELLING
PROPERTY COVERAGE B – OTHER STRUCTURES

1. We insure against physical loss to property described in Property Coverages A and B.
2. We do not insure for loss:
a. Excluded under Property – Exclusions;
b. Involving collapse or danger of collapse, except as provided in Property – Additional Coverage 9. Collapse; or

c. Caused by:

(6) Any of the following:
(a) Wear and tear, marring, scratching or deterioration;
(c) Smot, rot, rust, or other corrosion; . . .
3. Faulty, inadequate or defective:
d. Maintenance;

of part or all of any property whether on or off the "residence premises".

This decision is based on the information and documentation we received during our research of this claim. If you are aware of any new or different information or documentation that might lead us to reconsider our decision, please contact me immediately.

Your policy may have other terms, conditions and exclusions that apply to this claim. We do not waive any rights, including our right to deny coverage, for any other valid reason under the policy or at law.

*Id.* And the third letter is from April 27, 2022. *Id.* at 1. It includes three repairs that the Johnsons needed to complete if they wished to continue coverage. *Id.* at 2. The repairs included:

- Main Dwelling:       Kitchen door(s) is rotted or damaged and is in need of repair.

- Main Dwelling:       Foundation has missing bricks/blocks on the rear side(s) and is in need of repair.

- Conditions:             Crawlspace opening needs a door, mold needs to be removed, and floor joists are rotting and need repair[.]

*Id.*

Along with the letters, the Johnsons offer the adjuster's notes. [35-2]. The notes reiterated the reasons for the denial of the Johnsons' claim, such as: the "claim would not be covered due to the exclusions on the policy for ground water"; "[t]he damage [was] not due to a covered cause of loss"; the adjustor "noticed there is no vapor barrier under the home"; and he "[d]iscussed with [management,] and [they agreed] the policy [did] not provide coverage for damage resulting from ground water." [35-2].[1]

Based on this summary judgment record, Travelers argues that the Johnsons' claims fail as a matter of law. The Court agrees and turns first to the Johnsons' breach of contract claim.

---

[1] The Johnsons do not offer an expert. Instead, they offer Travelers' expert report from Hill. *See* Hill Report [35-3].

A. Breach of Contract

"Mississippi treats insurance policies as contracts." *State Farm Mut. Auto. Ins. Co. v. LogistiCare Sols., LLC*, 751 F.3d 684, 688 (5th Cir. 2014). A breach of contract claim requires a plaintiff to establish: "(1) the existence of a valid and binding contract; and (2) its breach by the defendant." *Carl E. Woodward, L.L.C. v. Acceptance Indem. Ins. Co.*, 743 F.3d 91, 96 n.2 (5th Cir. 2014) (citing *Bus. Commc'ns, Inc. v. Banks*, 90 So.3d 1221, 1224–25 (Miss. 2012)). For the second element, "the plaintiff bears the burden of proving his right to recover under an insurance policy." *Tuepker v. State Farm Fire & Cas. Co.*, 507 F.3d 346, 356 (5th Cir. 2007). "That basic burden never shifts from the plaintiff." *Britt v. Travelers Ins. Co.*, 566 F.2d 1020, 1022 (5th Cir. 1978) (per curiam). But "the insurer bears the burden of proving that a particular peril falls within a policy exclusion," and "must. . . prove the applicability of an exclusion as an affirmative defense." *Tuepker*, 507 F.3d at 356 (cleaned up). "If the insurer shows an exclusion applies, the burden shifts back to the insured to show that there is an exception to the exclusion." *State Farm*, 751 F.3d at 693 (cleaned up).

As to the first element, the parties agree that a valid and binding insurance policy existed. *See* [34] at 7–9. The Johnsons admit that the policy excludes damage resulting from "groundwater, wear and tear and deterioration, rot, and workmanship and maintenance issues," among other things. [36] at 1. They also concede that the lack of ventilation caused the moisture damage. *Id.* ("The condition

of the floor was a result of moisture accumulating in the crawl space due to lack of ventilation after it had been closed up and [a lack] of a moisture bar[r]ier.").

But the Johnsons fail to establish the second element of their claim—that Travelers breached the policy. The Johnsons challenge what caused the lack of ventilation, claiming that (1) Travelers caused the damage as a matter of fact and (2) because the policy does not "expressly exclude" this cause, "the policy must be read to include it," as a matter of law. [36] at 4. They argue that their compliance with Travelers' demand "to make repairs . . . [is what] resulted in little to no ventilation in the crawl space under the home." *Id.* at 3. Travelers disagrees, stating that the Johnsons made the repairs improperly by sealing the crawlspace without providing for adequate ventilation or using a vapor barrier. [33] at 1; [34] at 2, 5. Travelers' expert report supports this theory. *See* [33-6] at 5 (explaining that "[b]uilding codes as well as good construction practices have long since recognized the necessity for proper crawlspace ventilation"). In return, the Johnsons offer no evidence of an exception to Travelers' exclusion of the claim.[2] *See Ass'n Cas. Ins. Co. v. Major Mart, Inc.,* No. 1:12-CV-022, 2013 WL 3409217, at *2 (N.D. Miss. July 8, 2013) ("If the insurer shows an exclusion applies, the burden shifts back to the insured to show that there is an exception to the exclusion.").

Further, the Johnsons' failure to present any admissible expert testimony on what caused the damage to their home requires summary judgment on their breach

---

[2] The Johnsons' homeowner's policy unambiguously excludes "[f]aulty, inadequate or defective . . . workmanship, repair, construction, renovation, remodeling . . .[or] maintenance of part or all of any property whether on or off the 'residence premises.'" [1-1] at 24–25; [34] at 4.

of contract claim. [34] at 2, 5; Def.'s Reply [37] at 2–3, 8–9, 11. "[S]tructural damages to homes, the long-term effects of moisture on a house, and other categories of property damage require expertise to accurately understand, and are therefore not properly the subject of lay opinion on causation." *Jackson v. State Farm Fire & Cas. Co.,* 1:23-CV-24, 2024 WL 1183670, at \*7 (S.D. Miss. Mar. 19, 2024) (collecting cases). Therefore, the Johnsons stand unable to meet the essential element of causation at trial. *See id.; see also Jackson v. State Farm Fire & Cas. Co.,* 1:23-CV-24, 2024 WL 1183670, at \*6 (S.D. Miss. Mar. 19, 2024) (holding that defendant was entitled to summary judgment because of plaintiffs' lack of admissible testimony on causation).

The Johnsons cannot support their claim with their own lay testimony because they lack "specialized or technical knowledge, experience, or training," which is required by Federal Rule of Evidence 702 to testify to the cause of the structural damage to the home. *O'Neil v. Allstate Prop. & Cas. Ins. Co.,* No. 5:17-CV-70, 2018 WL 4001978, at \*5 (S.D. Miss. June 25, 2018); *see also* Fed. R. Evid. 701–702. And the Johnsons propose no legal authority to support a position that they are qualified to offer such testimony. *See Palmer v. Sun Coast Contracting Servs., Inc.,* No. 1:15-CV-34, 2017 WL 3222009, at \*2 (S.D. Miss. July 27, 2017) ("[T]he damages on which Plaintiffs purport to testify constitute matters within the realm of expert testimony for which they are not qualified."). Since the Johnsons fail to present more than unsupported assertions, no genuine dispute of material fact

exists as to the Johnsons' breach of contract claim, and summary judgment is appropriate.

B.  Bad Faith

The Johnsons allege Travelers acted in bad faith when it denied coverage under the policy, and they raise a question of fact on whether the adjuster observed ground water underneath the home. *See* [36] at 5. This claim also fails.

 "Although styled a tort, an action for bad faith breach of contract is created by contract and requires proof of a breach of contract." *Birdsong v. Lincoln Nat. Life Ins. Co.*, No. 3:10-CV-699, 2012 WL 5026437, at *6 (S.D. Miss. Oct. 17, 2012) (cleaned up). "Where there is no breach of contract, there can be no tortious breach of contract." *Id.* (cleaned up); *see also Williams v. Allstate Indem. Co.*, No. 4:22-CV-79, 2024 WL 409509, at *6 (N.D. Miss. Feb. 2, 2024).

Because the Johnsons' breach of contract claim fails, "[their] bad faith claim necessarily fails." *Parker v. State Farm Fire & Cas. Co.*, No. 2:22-CV-45, 2023 WL 4425599, at *5 (S.D. Miss. May 22, 2023).[3] The Court therefore also grants summary judgment as to the Johnsons' bad faith claim.

C.  Negligent Misrepresentation

To establish negligent misrepresentation, the Johnsons must show:

(1) a misrepresentation or omission of a fact; (2) that the representation or omission is material or significant; (3) that the person/entity charged with the negligence failed to exercise that degree of diligence and

---

[3] Even if the Johnsons had established a breach of contract, their bad faith claim would still fail because they offer only unsupported allegations of bad faith. *SEC v. Sethi*, 910 F.3d 198, 202–03 (5th Cir. 2018) ("[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." (cleaned up)).

expertise the public is entitled to expect of such persons/entities; (4) that the plaintiff reasonably relied upon the misrepresentation or omission; and (5) that the plaintiff suffered damages as a direct and proximate result of such reasonable reliance.

*Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d 397, 403 (5th Cir. 2012) (quoting

*Mladineo v. Schmidt*, 52 So. 3d 1154, 1164–65 (Miss. 2010)). The Johnsons do not

establish these essential elements.

Without citations to legal authority or record evidence, the Johnsons provide

a single paragraph to support their misrepresentation claim.

Defendant has misrepresented what [its] policy with the Plaintiffs would cover, by interfering in the Plaintiffs['] affairs in such a way as to produce damage and then deny coverage of that damage. This is not expressly excluded by the policy[,] and therefore[,] the policy must be read to include it. Indeed, even public policy dictates that the insurer's intervention in the insured's covered property that produces damage should preclude the insurer from denying a claim based on that damage. The Defendant's omission of express language excluding [its] conduct from being covered under the policy is material in nature to the case. The Defendant[] failed to exercise reasonable diligence in [its] preparation of the policy if [it] wished to deny coverage based on [its] own intervention. The Plaintiffs reasonabl[y] relied on the policy by assuming it contained all possible exclusions that the policy would not cover. As a result of the Defendant's bad faith denial of the claim on the erroneous report of the adjuster and the blocking up of the holes on Plaintiff[s'] foundation on the Defendant's demands, the Plaintiffs have suffered damage financially and to their property.

[36] at 7. This is insufficient to avoid summary judgment.

Indeed, "[a] party cannot defeat summary judgment with conclusory

allegations, unsubstantiated assertions, or only a scintilla of evidence." *Sethi*, 910

F.3d at 202–03 (quotation omitted); *see also Abbott v. Equity Grp., Inc.*, 2 F.3d 613,

619 (5th Cir. 1993) ("[U]nsubstantiated assertions are not competent summary

judgment evidence."). "Rule 56 does not impose upon the district court a duty to sift

through the record in search of evidence to support a party's opposition to summary judgment." *Adams*, 465 F.3d at 164 (cleaned up). Even so, the Court finds no evidence in the record that satisfies the required elements of a misrepresentation claim.

A non-movant's failure "to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Id.* Because the Johnsons offer no proof on the essential elements of their negligent-misrepresentation claim, they cannot establish a genuine dispute of material fact, and summary judgment is appropriate.

D.  Emotional Distress and Mental Anguish

The Johnsons also seek emotional distress damages based on their breach of contract claim. *See* [1-5] ¶¶ 47–51. The Johnsons claim to have endured "extreme emotional distress and mental anguish" in the form of "physical ailments that have been either caused or severely exacerbated" by Travelers. [1-5] ¶¶ 48–51. To recover emotional distress damages for a breach of contract, a "plaintiff must show (1) that mental anguish was a foreseeable consequence of the particular breach of contract, and (2) that he or she actually suffered from mental anguish." *Univ. S. Miss. v. Williams*, 891 So. 2d 160, 173 (Miss. 2004). Because their breach of contract claim fails, the Johnsons are not entitled to emotional distress damages, and summary judgment is proper.

IV.    Conclusion

The Court has considered all arguments set forth by the parties. Those arguments not addressed would not have changed the outcome of the Court's decision. The Court GRANTS Travelers' [33] Motion for Summary Judgment and DISMISSES all claims against it with prejudice. The Court will enter a separate final judgment.

SO ORDERED, this 30th day of August, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE