UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHNNY JOHNSON, et al.                                                                    PLAINTIFFS

V.                                          CIVIL ACTION NO. 3:23-CV-526-KHJ-MTP

TRAVELERS PERSONAL INSURANCE COMPANY                           DEFENDANT

ORDER

Before the Court are Johnny and Beth Ann Johnson's (collectively, "the Johnsons") [40, 41] Motions for Reconsideration. The Johnsons seek reconsideration of this Court's [38] Order granting Defendant Travelers Personal Insurance Company's ("Travelers") [33] Motion for Summary Judgment. Travelers opposes the [40, 41] Motions. *See* Resp. in Opp'n [42].[1] Because the Johnsons' request is untimely and without merit, the Court denies the [40, 41] Motions.

Motions for reconsideration under Federal Rule of Civil Procedure 59(e) are granted sparingly, within one of three circumstances: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent a manifest injustice." *Booth v. City of Jackson*, No. 3:21-CV-763, 2022 WL 2119536, at *1 (S.D. Miss. June 13, 2022) (quoting *Nationwide Mut. Fire Ins. v. Pham*, 193 F.R.D. 493, 494 (S.D. Miss. 2000)). This extraordinary remedy "calls into question the correctness of a judgment," and so it is "not the proper vehicle for rehashing evidence, legal theories,

---

[1] The Johnsons failed to file a Reply to Travelers' [42] Response.

or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (cleaned up).

This Court granted Travelers' [33] Motion for Summary Judgment on August 30, 2024. [38].[2] The Court entered a separate [39] Final Judgment that same day. And the Johnsons filed their [40, 41] Motions for Reconsideration on September 30, 2024. Rule 59(e) offers only 28 days for a party to file a motion for reconsideration following the entry of judgment. Fed. R. Civ. P. 59(e). The Johnsons' [40, 41] Motions were filed 31 days after the entry of judgment. The motions are denied as untimely.

Regardless of time, the motions fail on the merits, as well. The Johnsons classify their [40, 41] Motions as preventing manifest injustice or a clear error of law. *See* [40] at 3; [41] at 3. But they have failed to provide the Court with substance beyond rehashing the issue of causation—an issue on which the Court has already ruled. *See* [40] at 3; [41] at 3; *see also* [38] at 9–11.[3] The Court will not disturb its ruling.

---

[2] In their [40, 41] Motions, the Johnsons request that the Court "reconsider its July 25, 2022, [O]rder granting Plaintiffs summary judgment . . . ." [40] at 1; [41] at 1. Both the date and the party designation are incorrect.

[3] The Johnsons attach the unsigned affidavit of Johnny Johnson to their [40, 41] Motions. *See* [40-1]; [41-1]. There he states, "I read Mr. Hill's report to mean that fungus attack was caused by higher than normal moisture levels in the wood and crawlspace which is what did the damage." [40-1] ¶ 14. He continues, "I . . . read it to mean that the moisture present to make the fungal attack possible was the result of the crawlspace not having a vapor barrier or proper ventilation and that there was not proper ventilation because I complied with Traveler[s'] request to seal the foundation up." *Id.* He concludes that "[t]heir required repairs are what damaged [his] home." *Id.* ¶ 15. The Court noted in its [38] Order, however, that "[t]he Johnsons cannot support their claim with their own lay testimony because they lack specialized . . . knowledge . . . which is required . . . to testify to the cause of the structural damage to the home." [38] at 10. The Johnsons cannot opine as to

The Johnsons' [40, 41] Motions do not invoke any of the grounds for which relief may be granted under Rule 59(e). They are therefore not entitled to reconsideration of the Court's [38] Order granting Summary Judgment. For the reasons stated above, the Court DENIES the Johnsons' [40, 41] Motions for Reconsideration. In doing so, the Court has considered all the parties' arguments. Those arguments not addressed would not have altered the Court's decision.

SO ORDERED, this 29th day of October, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE

---

causation. *See O'Neil v. Allstate Prop. & Cas. Ins. Co.*, No. 5:17-CV-70, 2018 WL 4001978, at *5 (S.D. Miss. June 25, 2018) ("[T]estimony regarding the causation of structural damage of this sort exceeds the scope of permissible opinion testimony for lay witnesses . . ."); *Jackson v. State Farm Fire & Cas. Co.*, 1:23-CV-24, 2024 WL 1183670, at *7 (S.D. Miss. Mar. 19, 2024) (collecting cases); *see also* Fed. R. Evid. 701–702.